IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
ROGER JAMES ZORN, SR.,       )
                             )
     Plaintiff,              )
                             )    CIVIL ACTION NO.
     v.                      )      2:25cv325-MHT
                             )          (WO)
HOLLY BROWN-OWENS, Ph.D.,    )
et al.,                      )
                             )
     Defendants.             )
```

## OPINION

Plaintiff filed this lawsuit apparently seeking to hold the three defendants liable in relation to the tragic death of plaintiff's son, who was the victim of a hit and run while walking along an Alabama highway. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed without prejudice for failure to follow a court order to file an amended complaint by a date certain, and, in the alternative, for failure to state a claim and because the court cannot determine whether there is a basis for

subject-matter jurisdiction. After the recommendation was entered, plaintiff finally filed an amended complaint, which the court will treat as timely filed objections to the magistrate judge's recommendation. Plaintiff later filed a motion to transfer the case.

After an independent and de novo review of the record, including careful review of the objections, the court concludes that plaintiff's objections should be overruled, the magistrate judge's recommendation should be adopted to the extent that it recommends dismissal for failure to state a claim upon which relief may be granted, the motion to transfer should be denied, and the case should be dismissed without prejudice.

Plaintiff has failed to set forth in the complaint or objections any factual basis for holding the named defendants liable. Based on the objections, it appears that plaintiff seeks to sue the defendants in their capacities as members of the Alabama Crime Victim's Compensation Commission and feels that they violated

2

his rights by denying his request for compensation for the death of his son. He notes that an individual not named as a defendant postponed his appearance before the commission, but the date was never rescheduled. However, he does not explain what role the named defendants played in postponing his case or provide any basis for holding them liable. Therefore, the complaint fails to state a claim upon which relief can be granted.

Additionally, plaintiff's motion to transfer will be denied because plaintiff has failed to show that the current venue is improper or that there is a more convenient venue. *See* 28 U.S.C. § 1391; 28 U.S.C. § 1404(a).

An appropriate judgment will be entered.

DONE, this the 6th day of October, 2025.

                                 /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**